UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

Joanne Panzenbeck

      Debtor.

**NOTICE OF MOTION FOR**
**TERMINATION OF AUTOMATIC STAY**

Case.No.: 18-77531-ast
(Chapter 7)

Assigned to:
Hon. Alan S. Trust
Bankruptcy Judge

  Please take notice that Wells Fargo Bank, N.A., a secured creditor of Debtor, by the undersigned attorneys, will move this Court on January 17, 2019 at 10:30 a.m. or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, NY 11722 for an Order pursuant to 11 U.S.C. §362(d)(1) and 11 U.S.C. §362(d)(2) terminating the automatic stay as to movant's interest in real property commonly known as 517 Grand Boulevard, Deer Park, NY 11729 and for such other relief as the Court may deem proper.

  **PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(a), ANY ANSWERING PAPERS ARE TO BE SERVED SO AS TO BE RECEIVED BY THE SECURED CREDITOR'S COUNSEL NO LATER THAN 7 DAYS BEFORE THE HEARING DATE.**

DATED: December 19, 2018
     Williamsville, New York

                Yours,

                By: _/s/ Courtney R Williams_
                   Courtney R Williams, Esq.
                   GROSS POLOWY, LLC
                   Attorneys for Secured Creditor
                   Wells Fargo Bank, N.A.
                   1775 Wehrle Drive, Suite 100
                   Williamsville, NY 14221
                   Telephone (716)204-1700

TO:

| | |
|---|---|
| Joanne Panzenbeck<br>517 Grand Blvd.<br>Deer Park, NY 11729 | Pro Se Debtor |
| Richard L. Stern<br>Macco & Stern, LLP<br>2950 Express Drive South<br>Suite 109<br>Islandia, NY 11749 | Chapter 7 Trustee |
| Office of United States Trustee<br>Long Island Federal Courthouse<br>560 Federal Plaza - Room 560<br>Central Islip, NY 11722-4437 | U.S. Trustee |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

Joanne Panzenbeck
        Debtor.

**AFFIRMATION**

Case No.: 18-77531-ast
(Chapter 7)

Assigned to:
Hon Alan S. Trust
Bankruptcy Judge

      I, Courtney R Williams, Esq am an attorney duly licensed to practice law in the Courts of this State and in the United States Bankruptcy Court for the Eastern District of New York and hereby state as follows:

      1.      I submit the within Affirmation under penalty of perjury in support of the motion of Wells Fargo Bank, N.A. ("Secured Creditor"), a Secured Creditor of the above-referenced Debtor, to terminate the automatic stay in this case with respect to the real property commonly known as 517 Grand Boulevard, Deer Park, NY 11729.

      2.      Secured Creditor is the holder of a note executed by Joanne M Panzenbeck on or about the 21st day of July, 2011 in the principal amount of $204,000.00 and interest (the "Note"), secured by a mortgage bearing even date therewith, which is recorded in the Office of the Suffolk County Clerk on the 3rd day of August, 2011 in Liber M00022102 of Mortgages at Page 251 (the "Mortgage") covering the premises commonly known as 517 Grand Boulevard, Deer Park, NY 11729 (the "Mortgaged Premises"). A copy of the Note, Mortgage, Assignment, and Loan Modification is annexed hereto as **Exhibit 'A'**. Prior to the filing of this motion, an attorney with Gross Polowy, LLC, reviewed the original note and certified that the attached copy is true and complete.

      3.      On the 8th day of November, 2018 Debtor Joanne Panzenbeck filed a Petition under Chapter 7 of Title 11 U.S.C. §101 et seq with this Court, and an Order for relief was duly entered.

4. The Note and Mortgage provide that the Debtor will be in default if they do not make full monthly payments on each due date. As of December 3, 2018, the Debtor is due for 5 payments in the amount of $2,028.08 each for the months of August 1, 2016 to December 1, 2016, 12 payments in the amount of $2,031.61 each for the months of January 1, 2017 to December 1, 2017 and 6 payments in the amount of $2,046.36 each for the months of January 1, 2018 to June 1, 2018, and 6 payments in the amount of $2,043.26 each for the months of July 1, 2018 to December 1, 2018 and has not cured said default. Furthermore, 1 payment due on January 1, 2019 will be due at the date this motion is heard. A Motion for Relief from Stay Worksheet is attached hereto as **Exhibit 'B'**.

5. As of the 3rd day of December, 2018 there is a total indebtedness on the Note and Mortgage in the sum of $310,113.18. Interest on the unpaid principal balance will continue to accrue, and to protect its security in the Mortgaged Premises Secured Creditor may be required to make advances for property taxes, insurance and related matters.

6. Based on the Appraisal attached hereto as **Exhibit 'C'**, said real property is valued at $315,000.00. Based on the Secured Creditor's lien amount and the value of the Mortgaged Premises, there is minimal equity in the premises.

7. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property..." As set forth above, cause exists to vacate the automatic stay as the Debtor has failed to make monthly mortgage payments to Secured Creditor.

8. Furthermore, Section 362(d)(2) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from stay imposed by Section 362(a) if "(A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization." See, 11 U.S.C. § 362(d)(2)(A)-(B). Therefore, the Secured Creditor is entitled to relief pursuant to 11 U.S.C. § 362(d)(2) as there exists no equity in

the Premises after costs of sale. The Secured Creditor submits that the Mortgaged Premises are not necessary for the effective reorganization of the Debtor as the instant case is a Chapter 7 liquidation case.

9. Debtor is entitled to a homestead exemption as the Mortgaged Premises is also her homestead.

10. A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit 'D'**.

11. No prior application has been made for the relief requested herein.

**WHEREFORE**, Secured Creditor respectfully requests that an Order be granted terminating the automatic stay immediately as to Secured Creditor's interest in the Mortgaged Premises together with such other, further and different relief as the Court may deem just in this matter.

DATED: December 19, 2018
Williamsville, New York

Yours,

By: _____
Courtney R Williams, Esq
GROSS POLOWY, LLC
Attorneys for Secured Creditor
Wells Fargo Bank, N.A.
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
Telephone (716)204-1700